[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNT TWO OF THE PLAINTIFF'S COMPLAINT #102
 FACTS
On January 29, 2002, the plaintiff, Tracie Tarabek filed a two count complaint against Hartford Insurance Company of the Midwest (defendant). In count one of the complaint, the plaintiff alleges that the defendant CT Page 10839 provided the plaintiff with uninsured motorist benefits. On September 2, 2000, the plaintiff was involved in a motor vehicle accident with an uninsured driver.
In count two of the complaint, the plaintiff incorporates by reference the allegations set forth in count one. The complaint further alleges breach of the covenant of good faith and fair dealing based on the following facts. After the September 2, 2000 accident with an uninsured driver, the plaintiff provided the defendant with documentation that she suffered injuries in excess of the policy limits. On or about August 5, 2001, the plaintiff demanded the policy limits to settle the case. The defendant delayed and failed to diligently process the claim for over six months.
On April 1, 2002, the defendant filed a motion to strike count two of the plaintiffs complaint pursuant to Practice Book § 10-39. The defendant submitted a memorandum of law in support of its motion to strike. The plaintiff has not filed a memorandum in opposition to the defendant's motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts . . . are taken as admitted." (Internal quotation marks omitted.) Id. "Moreover . . . what is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombard v.Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
The defendant argues that the allegations in the plaintiffs complaint are insufficient to support a claim for breach of the covenant of good faith and fair dealing. The defendant argues that the plaintiff has not alleged that the defendant acted in bad faith, nor has she alleged conduct that rises to a level of bad faith, therefore, count two of the complaint is legally insufficient and must be stricken. The plaintiff does not argue in opposition to the defendant's motion. Rather, the CT Page 10840 plaintiff alleges that the defendant breached the covenant of good faith and fair dealing by not "diligently process[ing]" her claim, and by acting "contrary to its obligations to deal with the plaintiff . . . in a fair and reasonable manner." The plaintiff further alleges that after providing the "defendant with sufficient documentation that the injuries suffered . . . [were] in excess of the policy limits," the defendant did not respond for over a six months.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Internal quotation marks omitted.) Gupta v. New Britain General Hospital,239 Conn. 574, 598, 687 A.2d 111 (1996). "The implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts. . . ." (Citations omitted; internal quotation marks omitted.) Verrastro v.Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693 (1988).
"[A]n action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which [the] plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiffs right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiffs right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." (Internal quotation marks omitted.) Fairfield Financial Mortgage Group, Inc. v. Salazar, Superior Court, judicial district of Danbury, Docket No. CV 00 0339752 (April 23, 2002, Moraghan, J.T.R.).
"Bad faith in general implies . . . a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith . . . involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501
(1992). "Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.) Buckman v. People Express, Inc., 205 Conn. 166, 171, 530 A.2d 596
(1987).
In the present case, the plaintiff has not alleged that the defendant acted with a dishonest purpose, moral obliquity or sinister motive. CT Page 10841 Rather, the plaintiff alleges that the defendant failed to honor its contract of insurance in a reasonable and timely manner. "[A] claim for bad faith must [however] set forth facts beyond a mere claim that the carrier failed to pay or failed to honor the claim for benefits." Eatonv. Geico Insurance Co., Superior Court, judicial district of Danbury, Docket No. CV 99 0334469 (October 29, 2001, Hiller, J.). To support "an action for breach of the covenant of good faith and fair dealing . . . the plaintiff must duly plead . . . that . . . the defendant was acting in bad faith." (Internal quotation marks omitted.) Fairfield FinancialMortgage Group, Inc. v. Salazar, supra, Superior Court, Docket No. CV 00 0339752. Consequently, count two of the plaintiffs complaint does not set forth sufficient facts to support a claim for bad faith and breach of the covenant of good faith and fair dealing.
 CONCLUSION
For the foregoing reasons, the defendant's motion to strike count two of the plaintiffs complaint is granted.
D. Michael Hurley, JTR